# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **EARNEST CONROD, JR.** | : | **DOCKET NO. 2:05-cv-1915**<br>**Section P** |
| **VS.** | : | **JUDGE MINALDI** |
| **LINDA SANDERS, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Earnest Conrod, Jr., pursuant to 28 U.S.C. §2241. By this petition, petitioner challenges the decision of the Bureau of Prisons (BOP) which found him ineligible to participate in the Residential Drug Abuse Program (RDAP). This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

## FACTS

In March, 2004 while serving his sentence at the Federal Correctional Complex in Forrest City, Arkansas, petitioner submitted a request to enter the RDAP. Petitioner was interviewed for the program, but he was found to be ineligible due to the lack of a verifiable, documented drug abuse problem.

Petitioner claims that the reasons for denying him eligibility to the RDAP are false and violate his right to due process. In support of this assertion, the petitioner points out that in August, 2001, his case manager changed his "drug abuse score" to reflect a history of drug/alcohol abuse based upon statements made by petitioner during his Psychology Services Intake Screenings in

March, 1998 and September, 2000. This change in his drug abuse score increased petitioner's custody classification. When petitioner challenged the change in his custody classification through the BOP's administrative remedy procedure, he was denied relief because the information provided by petitioner during his intake screenings indicated that he had a history of drug abuse. *See* Petitioner's Exhibit B-1. Petitioner states that although he "originally disputed the status of this scoring; the conclusiveness of the prison officials' determination left him with no other option, but to accept the realistic fact that indeed he suffered from a substance abuse problem, and that before being released from prison he should seek every opportunity available to deal with this serious issue." *See* Petition, pp.4-5. Accordingly, he then began seeking admission into the RDAP. However, he states that he was denied eligibility for this program because the prison officials now claim that "there was no official 'history' that verified his substance abuse" despite the fact that they "utilized [documented history] over the years to officially score him as having a substance abuse problem." *Id.,* p.7. Petitioner contends that in light of the evidence which supports the existence of a substance abuse problem, this court should find him eligible to participate in the RDAP and order that he be considered for early release under 18 U.S.C. § 3162(e)(2)(B).

Petitioner has exhausted the applicable administrative remedies with respect to this claim.

In response to the petition, the respondent argues that the BOP's decision denying petitioner admission to the RDAP was reasonable and that the decision did not violate petitioner's due process rights.

## **LAW AND ANALYSIS**

Pursuant to 18 U.S.C. § 3621(b), "[t]he Bureau [of Prisons] shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of

2

substance addiction or abuse." Congress has specified that this treatment occur in the form of a residential substance abuse treatment program and has granted the BOP considerable discretion regarding the eligibility of prisoners for this program. 18 U.S.C. § 3621(e)(1), (e)(5); *Calhoun v. Warden, FCI Texarkana*, 2006 WL 887677 (E.D. Tex. 2006); *see also Wottlin v. Fleming*, 136 F.3d 1032, 1037 (5th Cir. 1998); *Venegas v. Henman*, 126 F.3d 760, 762 (5th Cir. 1997); *Goren v. Apker,* 2006 WL 1062904, *6 (S.D.N.Y.,2006).[1]

The BOP has promulgated a regulation governing eligibility for the RDAP. 28 CFR § 550.56. This regulation requires, *inter alia*, that the inmate have a "verifiable documented drug abuse problem." 28 CFR § 550.56(a)(1). The BOP's Program Statement 5330.10 further explains that the inmate's drug abuse problem must be verified by the Pre-Sentence Investigation (PSI) report or other similar documents in the inmate's central file to corroborate self-reported information. *See* Government Exhibit A: Declaration of Samuel Holcombe, p.2; Program Statement 5330.10, Chapter 5, § 5.4.1.[2]

---

[1] "While the BOP is accorded broad discretion, it must exercise its discretion within the prescribed parameters of its statutory authority. *See SEC v. Sloan,* 436 U.S. 103, 98 S.Ct. 1702, 56 L.Ed.2d 148 (1978) (the court is charged with determining whether agency's exercise of discretion is consistent with scope of statutory authority)." *Laws v. Barron,* 348 F.Supp.2d 795, 802 (E.D.Ky.,2004).

[2] P.S. 5330.10, Chapter 5, § 5.4.1 states in pertinent part as follows:
(a) <u>Eligibility</u>. An inmate must meet all the following criteria to be eligible for the residential drug abuse treatment program.
(1) The inmate must have a verifiable documented drug abuse problem. Drug abuse program staff shall determine if the inmate has a substance abuse disorder by first conduction the <u>Residential Drug Abuse Program Eligibility Interview</u> followed by a review of all pertinent documents in the inmate's central file to corroborate self-reported information. The inmate must meet the diagnostic criteria for substance abuse or dependence indicated in the <u>Diagnostic and Statistical Manual of the Mental Disorders, Fourth Edition, (DSM-IV)</u>. This diagnostic impression must be reviewed and signed by a drug abuse treatment program coordinator.

Additionally, there must be verification in the Presentence Investigation (PSI) report or other similar documents in the central file which supports the diagnosis. Any written documentation in the inmate's central file which indicates that the inmate <u>used</u> the <u>same</u>

To be eligible for the RDAP, Congress has required that the inmate be "determined by the Bureau of Prisons to have a substance abuse problem." 18 U.S.C. § 3621(e)(5)(B)(i). Because completion of the RDAP makes an inmate eligible for a sentence reduction of up to one year, an inmate has an incentive to self report substance abuse problems. 18 U.S.C. § 3621(e)(2). When determining whether the inmate has substance abuse problem, it is therefore reasonable for the BOP to require that the substance abuse problem be verified by documents in his central file which corroborate his self-reported information. 28 CFR § 550.56(a)(1); *see Lopez v. Davis,* 121 S.Ct. 714, 722-23 (2001)(statute does not limit considerations Bureau can use to guide its decision); *Laws v. Barron,* 348 F.Supp.2d 795, 807 (E.D.Ky.,2004).

In finding the petitioner ineligible to participate in the RDAP, the BOP determined that petitioner's PSI and other documents in his central file did not support his self-reported information. Specifically, Mr. Holcombe states in his affidavit that "Inmate Conrod did not meet the criteria for entry diagnosis which is mandatory for drug abuse treatment program eligibility." *See* Government Exhibit A, Holcombe affidavit, ¶ 7. Mr. Holcombe points out that the PSI "is usually the primary source of information on an inmate's substance abuse" and that this document contains self-reported information from the inmate as well as a federal probation officer's observations and other relevant information such as results of urinalysis and conviction history. *Id.* Petitioner's PSI states that he denied "any drug or alcohol abuse" but admitted to drinking socially. *Id.* Additionally, petitioner was interviewed by BOP psychologists upon entering new correctional facilities on November 29, 1990 at FCI Memphis, on December 23, 1994 at FCI Manchester, and on October 10, 1995 at FCI

---

, for which a diagnosis of abuse or dependence was made via the interview, shall be accepted as verification of a drug abuse problem.

4

Texarkana, and during each of these interviews, petitioner denied a history of substance abuse. *Id.,* ¶ 8. After consistently denying a history of substance abuse, petitioner began in 1996 to self-report that he had abused alcohol. This information was first given by petitioner during his intake interview at FCI Oakdale. *Id.,* ¶ 9. Then on September 26, 2000, petitioner reported that he had abused cocaine. *Id.,* ¶ 9. Because Mr. Holcombe found that petitioner's self-reported drug abuse was not verified by documents in his central file, he found petitioner ineligible for the RDAP.[3] However, petitioner was given the option of participating in the 40 Hour Drug Education Class or the Non-residential Drug Treatment Program. *Id.,* ¶ 10.

The BOP's finding that petitioner's substance abuse problem was not verified by documents in his central file was a reasonable application of the regulations governing eligibility for the RDAP. Accordingly, the BOP did not abuse its discretion in finding that petitioner is ineligible to participate in the RDAP. *See Calhoun, supra.*

Further, petitioner's claim that the BOP violated his due process rights by finding him ineligible to participate in the RDAP lacks merit. A due process claim is only cognizable when a recognized liberty or property interest is at stake. *Board of Regents v. Roth,* 92 S.Ct. 2701, 2705 (1972); *Mathews v. Eldridge,* 96 S.Ct. 893 (1976). Petitioner has no protected liberty interest in his eligibility for the RDAP, thus his classification and eligibility for rehabilitation programs is not subject to due process protections. *Venegas,* 126 F.3d at 765 ("The loss of the mere opportunity to be considered for discretionary early release is too speculative to constitute a deprivation of a

---

[3] At the conclusion of the April 14, 2004 Residential Treatment Eligibility Interview form, Mr. Holcombe writes "other than inmate's recent self-report, which differs from earlier assertions, there is no indication of a substance abuse problem. Inmate appears to be malingering to gain admission to the program and early release." *See* Government Exhibit B.

constitutionally protected liberty interest."); *Gibson v. Federal Bureau of Prisons*, 121 Fed.Appx. 549, 551 (5th Cir. 2004), citing *Moody v. Daggett*, 429 U.S. 78, 88 n.9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1979); *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995).

For these reasons,

IT IS RECOMMENDED that the petition for writ of *habeas corpus* be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 16th day of May, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE